IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 17-410-LPS |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| Defendant. | ) | |

**ANSWER AND COUNTERCLAIMS OF TEVA PHARMACEUTICALS USA, INC.**

Defendant Teva Pharmaceuticals USA, Inc. ("Teva") by and through its attorneys, hereby answers and counterclaims to the Complaint of Plaintiffs Bristol-Myers Squibb Company and Pfizer Inc., (collectively "Plaintiffs"). Except as expressly admitted herein, Teva denies each and every allegation of the Complaint and alleges as follows:

**NATURE OF ACTION**

1. Admitted that Plaintiffs filed a Complaint purporting to advance claims for patent infringement arising under the laws of the United States, Title 35, United States Code, against Teva Pharmaceuticals USA, Inc. related to ANDA No. 210142 filed by Teva with the U.S. Food and Drug Administration ("FDA"), otherwise denied.

2. Admitted that ANDA No. 210142 is directed to 2.5 mg and 5 mg tablets of apixaban and identifies Eliquis® as the reference listed drug, and that Teva seeks FDA approval to engage in the commercial manufacture, use and sale of the proposed product before the expiration of U.S. Patent No. 9,326,945 ("the '945 patent"), otherwise denied.

**PARTIES**

3. Teva is without sufficient information to admit or deny the allegations in paragraph 3, therefore denied.

4. Teva is without sufficient information to admit or deny the allegations in paragraph 4, therefore denied.

5. Teva is without sufficient information to admit or deny the allegations in paragraph 5, therefore denied.

6. Admitted.

**JURISDICTION AND VENUE**

7. For purposes of this action only, Teva does not dispute that this Court has subject matter jurisdiction over the claims advanced by Plaintiffs.

8. For purposes of this action only, Teva does not contest that venue is proper in this Court under 28 U.S.C. §§ 1391 and/or 1400(b), and that, for purposes of this action only, this Court has personal jurisdiction over Teva.

**PATENT-IN-SUIT**

9. Admitted that the face of the '945 patent indicates that it issued on May 3, 2016, and is titled "Apixaban Formulations," otherwise denied.

10. Admitted that, according to the online version of the FDA's Orange Book, NDA No. 202155 is directed to 2.5 mg and 5 mg apixaban tablets that are marketed under the trade name Eliquis®, and the online version of the FDA's Orange Book identifies the '945 patent in relation to Eliquis®. Admitted that Plaintiffs have accurately quoted statements provided on Exhibit B which Plaintiffs purport to be the current FDA-approved label for Eliquis®. Teva denies any remaining allegations of paragraph 10.

## INFRINGEMENT BY TEVA

11. Admitted that on March 10, 2017, Teva sent a letter by Express Mail and Federal Express to Plaintiffs notifying Plaintiffs that it had submitted ANDA No. 210142 to the FDA and providing Plaintiffs with a detailed statement of the reasons why the commercial manufacture, use or sale of the product identified in that ANDA would not infringe any valid and enforceable claims of the ’945 patent. Further admitted that Plaintiffs received this letter no later than March 13, 2017. Teva denies any remaining allegations of paragraph 11.

12. Admitted that Teva’s March 10, 2017 letter stated that Teva is seeking approval from the FDA to engage in the commercial manufacture, use or sale of its proposed ANDA product before the expiration of the ’945 patent, otherwise denied.

13. Admitted that Teva has represented that the product proposed in ANDA No. 210142 is directed to 2.5 mg and 5 mg tablets that are bioequivalent to Eliquis® tablets, otherwise denied.

14. Admitted that the label included with Teva’s ANDA includes at least one of the approved indications for Eliquis®, otherwise denied.

15. Admitted.

16. Admitted that Teva offered confidential access to portions of its ANDA No. 210142 in connection with its March 10, 2017 letter, otherwise denied.

17. Admitted.

## COUNT I

18. Teva’s responses to each of paragraphs 1-17 are incorporated as if fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

**PLAINTIFFS' REQUESTED RELIEF**

Teva denies that Plaintiffs are entitled to any relief whatsoever against it in this action and denies all of the requests set forth in (1) through (5) of requested relief.

**AFFIRMATIVE DEFENSES**

Without any admission as to burden of proof and expressly reserving its right to assert any additional defenses or counterclaims that discovery may reveal, Teva states the following defenses:

**FIRST DEFENSE**

The claims of the '945 patent are invalid for failure to satisfy the requirements of patentability, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SECOND DEFENSE**

Teva has not directly or indirectly infringed any valid claim of the '945 patent.

**COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff, Teva Pharmaceuticals USA, Inc. ("Teva"), brings the following Counterclaims against Plaintiffs and Counterclaim-Defendants, Bristol Meyers Squibb Company and Pfizer Inc. ("Counterclaim-Defendants") and states as follows:

**PARTIES**

1. Teva is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1090 Horsham Road, North Wales,

Pennsylvania 19545.

2. Upon information and belief, Counterclaim-Defendant Bristol Meyers Squibb Company ("BMS") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at Route 206 and Province Lane Road, Princeton, New Jersey 08540.

3. Upon information and belief, Counterclaim-Defendant Pfizer Inc. ("Pfizer") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 235 East 42nd Street, New York, New York 10017.

4. In this lawsuit, Plaintiffs have alleged in their Complaint that Teva has committed an act of infringement under 35 U.S.C. § 27l(e)(2) by filing an ANDA under 21 U.S.C. § 355(j) seeking approval to engage in the manufacture, use or sale of apixaban 2.5 mg and 5 mg tablets ("Teva's ANDA Product") described in ANDA No. 210142 before the expiration of United States Patent No. 9,326,945 ("the '945 patent"). Plaintiffs further alleged in their Complaint that the product described in Teva's ANDA No. 210142, if sold or marketed, would infringe one or more claims of the '945 patent.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that the counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq. and the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202.

6. This Court may declare the rights and other legal relations of the parties

involved pursuant to 28 U.S.C. §§ 2201 and 2202 because this case represents an actual case and controversy regarding whether Teva infringed any valid and enforceable claim of the ’945 patent when it filed ANDA No. 210142.

7. This Court has personal jurisdiction over Plaintiffs by virtue of their commencement of an action for patent infringement involving the ’945 patent against Teva in this judicial district.

8. Venue for these counterclaims is proper within this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and 1400(b).

## FACTS

9. Plaintiffs allege they are the joint owners of the ’945 patent, entitled “Apixaban Formulations.”

10. Plaintiffs have asserted claims of patent infringement against Teva based on the ’945 patent.

11. The claims of the ’945 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT I
## (Declaration of Invalidity of the ’945 Patent)

12. Teva repeats and incorporates by reference the allegations set forth in Paragraphs 1-11 of its counterclaims.

13. At the time of the filing of the counterclaims, an actual, substantial and continuing justiciable controversy involving adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment exists between Teva and Plaintiffs regarding, inter alia, the validity of the ’945 patent.

14. The claims of the ’945 patent are invalid for failure to satisfy one or more requirements under the patent laws of the United States, including without limitation, under 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. Teva is entitled to a declaration that the claims of the ’945 patent are invalid.

16. This is an exceptional case under 35 U.S.C. § 285 entitling Teva to an award of attorney’s fees in connection with this action.

**COUNT II**
**(Declaration of No Infringement of the ’945 Patent)**

17. Teva repeats and incorporates by reference the allegations set forth in Paragraphs 1-16 of its counterclaims.

18. At the time of the filing of the counterclaims, an actual, substantial and continuing justiciable controversy involving adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment exists between Teva and Plaintiffs regarding, inter alia, non-infringement of the ’945 patent.

19. Teva’s filing of an ANDA No. 210142 seeking approval to engage in the commercial manufacture, use, or sale of 2.5 mg and 5 mg apixaban tablets before the expiration of the ’945 patent was not an act of infringement of any valid claim of that patent.

20. Teva is entitled to a declaration that the filing of an ANDA under 21 U.S.C. § 355 seeking approval to engage in the commercial manufacture, use, or sale of 2.5 mg and 5 mg apixaban tablets as described in ANDA No. 210142 before the expiration of the ’945 patent was not and is not an act of infringement of any valid claim of that patent.

**PRAYER FOR RELIEF**

WHEREFORE, Teva respectfully requests that this Court enter a Judgment and Order in its favor and against Plaintiffs as follows:

A dismissing the Complaint with prejudice, and denying each and every prayer for relief contained therein;

B. declaring that the claims of the '945 patent are invalid;

C. declaring that no valid claim of the '945 patent has been, or is being, infringed by Teva;

D. declaring that this case is exceptional under 35 U.S.C. § 285;

E. ordering that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Teva; and,

F. awarding to Teva such further relief as this Court may deem necessary, just, and/or proper.

OF COUNSEL:
Todd Werner
CARLSON, CASPERS, VANDENBURGH, LINDQUIST & SCHUMAN, P.A.
Capella Tower, Suite 4200
225 South Sixth Street
Minneapolis, MN 55402
(612) 436-9655

Dated: May 3, 2017

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com
*Attorneys for Defendant*